DIEMER, WHITMAN & CARDOSI, LLP
JOHN P. CARDOSI, #111381
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
jcardosi@diemerwhitman.com

ATTORNEYS FOR Plaintiff
JOSE JED CRUZ

ORIGINAL FILED
MAY 2 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR
WDB

BY FAX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE JED CRUZ,

    Plaintiff,

v.

AN FREMONT LUXURY IMPORTS INC., dba BMW OF FREMONT,

    Defendant.

Case No. C07-02666

COMPLAINT

DEMAND FOR JURY TRIAL

    Plaintiff JOSE JED CRUZ alleges for his complaint:

1. Plaintiff is a male individual.

2. Defendant AN FREMONT LUXURY IMPORTS INC., is a Delaware corporation authorized to do business in California. At all times pertinent hereto defendant AN FREMONT LUXURY IMPORTS INC. did business under the fictitious business name of BMW OF FREMONT in Fremont, CA.

### JURISDICTION

3. The jurisdiction of this Court over the subject matter of this action is predicated on Title VII of the Civil Rights Act of 1964.

### INTRADISTRICT ASSIGNMENT

4. The claim arose in Fremont, California, in the Oakland Division of this court.

COMPLAINT

## GENERAL ALLEGATIONS

5. Plaintiff has complied with all the jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act (FEHA) as follows:

(a) From on or about September 1, 2003 through May 25, 2004 plaintiff was harassed because of his sex.

(b) On or about July 15, 2004 plaintiff filed a written complaint of discrimination concurrently with the California Department of Fair Housing and Discrimination and the Equal Employment Opportunity Commission,;

(c) On July 15, 2004 the DFEH waived jurisdiction over the complaint under a work share agreement with the EEOC, and requested the EEOC to process the complaint of discrimination.

(d) On July 15, 2004, the EEOC issued a Notice of Charge of Discrimination to defendant;

(f) On February 21, 2007, the EEOC determined that there is reasonable cause to believe that the defendant has violated and continues to violate Title VII of the Civil Rights Act of 1964;

(g) On or after February 21, 2007the EEOC notified plaintiff that conciliation efforts had been unsuccessful and that plaintiff had the right–to–sue within ninety (90) days of the receipt of the notification;

(h) Plaintiff has filed this action within ninety (90) days of the receipt of the notice of right–to–sue.

(i) Under California Government Code §12965(d), the time within which plaintiff must file an action for violation of the California FEHA was tolled until the expiration of plaintiff's ninety (90) day federal time to sue period.

## FIRST CAUSE OF ACTION
## (VIOLATION OF TITLE VII)

6. Plaintiff was employed with defendant at BMW of Fremont from around March of 2003 until around May of 2004. At all relevant times defendant was an "employer" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964, and as defined in the California Fair Employment and Housing Act. As such, Defendant is subject to the requirements of Title VII (42 USC §2000e et

seq.).

7. Beginning around September of 2003 and continuing until May 25, 2004 plaintiff was harassed because of his sex. Plaintiff was harassed by defendant's employees Oscar Escamilla, Kristian Andrews, and Nadir Jimanos. The harassment was verbal, physical, and visual conduct, sexual in nature, unwelcome, occurred frequently, and created a hostile and offensive work environment.

8. Plaintiff complained about the harassment to the management of defendant, and defendant failed to take steps to stop the harassment.

9. On or around May 14, 2004, plaintiff was demoted because of his complaints of harassment.

10. As a direct and proximate result of the pervasive and repeated harassment, plaintiff endured great mental suffering for approximately nine months and was forced to terminate his employment with the defendant on or about June of 2004 due to severe depression caused by the harassment which prevented him from returning to work.

11. Defendants wrongful conduct as set forth above was a violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964. Defendants discrimination was intentional and defendant acted with malice and in reckless indifference to plaintiff's federally protected rights, by reason of which plaintiff is entitled to compensatory and punitive damages under 42 USC §1981a.

12. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has sustained lost earnings according to proof.

13. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has sustained medical expense according to proof.

14. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has been injured in his mental well being and has suffered depression.

15. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has sustained emotional distress for which plaintiff is entitled to an award of general damages according to proof.

Wherefore plaintiff prays for damages as hereinafter set forth.

## SECOND CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA FEHA)

16. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-15 of this complaint as though fully set forth herein.

17. Beginning around September of 2003 and continuing until May 25, 2004 plaintiff was harassed because of his sex and because of his perceived sexual orientation. Plaintiff was harassed by defendant's employees Oscar Escamilla, Kristian Andrews, and Nadir Jimanos. The harassment was verbal, physical, and visual conduct, sexual in nature, unwelcome, occurred frequently, and created a hostile and offensive work environment.

18. Plaintiff complained about the harassment to the management of defendant, and defendant failed to take steps to stop the harassment.

19. On or around May 14, 2004, plaintiff was demoted because of his complaints of harassment.

20. As a direct and proximate result of the pervasive and repeated harassment, plaintiff endured great mental suffering for approximately nine months and was forced to terminate his employment with the defendant on or about June of 2004 due to severe depression caused by the harassment which prevented him from returning to work.

21. Defendants wrongful conduct as set forth above was a violation of plaintiff's rights under California's Fair Employment and Housing Act.

22. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has sustained lost earnings according to proof.

23. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has sustained medical expense according to proof.

24. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has been injured in his mental well being and has suffered depression.

25. As a direct and legal result of defendant's wrongful conduct as herein alleged, plaintiff has sustained emotional distress for which plaintiff is entitled to an award of general damages according to proof.

1  20.  Defendant acted with malice and oppression as defined by California Civil Code §3294, by reason of which, plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

a. Defendant be ordered to make whole the plaintiff by providing back pay and reimbursement measured by the difference in the rate of pay received by Plaintiff and the rate of pay of white male employees paid in violation of Title VII;
b. Compensatory and consequential damages according to proof;
c. Punitive damages according to proof;
d. Interest according to proof;
g. Reasonable attorney's fees;
f. Costs of suit herein;
g. Such other and further relief as the court deems fit and proper.

Date:    May 18, 2007          DIEMER, WHITMAN & CARDOSI, LLP

By: _____
JOHN P. CARDOSI
Attorneys for Plaintiff
Jose Jed Cruz

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date:    May 18, 2007          DIEMER, WHITMAN & CARDOSI, LLP

By: _____
JOHN P. CARDOSI
Attorneys for Plaintiff
Jose Jed Cruz